**EVANS–AMITYVILLE DAIRY, INC.,**
**Plaintiff,**

v.

·John J. KELLY, individually and as President, Ike Bogin, individually and as Vice-President, Charles Simpson, individually and as Business Agent, and John Sepinko, individually and as Business Agent of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Lo·cal 584, Defendants.

Civ. A. No. 62 C 1120.

United States District Court
E. D. New York.

Feb. 11, 1963.

Harry Rosenberg, West Hempstead, N. Y., for plaintiff.

Cohen & Weiss, New York City, for defendants.

BRUCHHAUSEN, District Judge.

The defendants move for a stay of this action, pending arbitration of the dispute between the parties.

In substance, the plaintiff, an employer of individuals engaged in its business, alleges in its complaint that the individual defendants and their union, also named as a defendant, entered into an employment agreement; that the agreement contained a no strike provision; that the defendants in violation of the agreement conducted a strike, causing damage to the plaintiff for which it seeks reimbursement.

The statute, relied upon by the defendants, on this motion, 9 U.S.C. § 3, in part, provides:

"If any suit * * * be brought * * * upon any issue referable to

arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit * * * is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement * *."

Parties are not obligated to arbitrate their disputes. However, if they enter into an agreement for arbitration of their disputes, they then must pursue that course. Whether or not an agreement provides for the arbitration of any particular dispute depends upon the language of the agreement and its interpretation. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462; Drake Bakeries Incorporated v. Local 50, American Bakery & Confectionery Workers International, AFL–CIO, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474.

The relevant clauses of the subject employment agreement are Sections 17(a) and (b), which in substance provide that no strikes shall be ordered by either party and Section 16(a). The latter section, in part, is as follows:

"Any and all disputes and controversies arising under or in connection with the terms or provisions of this agreement, or in connection with or relating to the application or interpretation of any of the terms or provisions hereof, or in respect to anything not herein expressly provided but germane to the subject matter of this agreement, which the representatives of the Union and the Employer have been unable to adjust, shall be submitted for arbitration to an arbitrator * * *."

It is clear that Section 16(a) is sufficiently broad to include the claim made by the plaintiff in its complaint.

The motion is granted and it is so ordered.